UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-632-RJC

| | |
|---|---|
| BETTY MITCHELL, ) ) Plaintiff, ) ) vs. ) ) ENHANCED RECOVERY COMPANY, LLC, ) ) Defendant. ) ) | **ORDER** |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on September 25, 2012.

First, with regard to Plaintiff's IFP Motion, Plaintiff states that she earns $1,100.00 in gross pay per month, that she has $1,167.00 in expenses per month, and that one person is dependent on her for financial support. (Doc. No. 2 at 2). The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. Therefore, the Court will grant Plaintiff's application to proceed in forma pauperis.

I. BACKGROUND

Plaintiff makes the following factual allegations in the Complaint: "On 08/01/2011, ENHANCED RECOVERY COMPANY, LLC pulled Plaintiff's credit report without a permissible purpose which appears as an inquiry on her Experian credit report." (Doc. No. 1 at 1). Based on these allegations, Plaintiff contends that Defendant Enhanced Recovery Company, LLC willfully (Count I) and negligently (Count II) violated 15 U.S.C. § 1681b(f) of the Fair Credit Reporting Act by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §

1681b.  As relief, Plaintiff seeks actual and statutory damages, punitive damages, and attorney's fees and costs, pursuant to 15 U.S.C. § 1681n.

## II. STANDARD OF REVIEW

Despite use of the term "prisoner," courts have held that 28 U.S.C. § 1915 extends to non-prisoners the right to proceed in forma pauperis subject to a showing of need.  Schagene v. United States, 37 Fed. Cl. 661, 663 (1997).  Because Plaintiff is proceeding in forma pauperis, the Court may review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  In its review, this Court determines whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A plaintiff fails to state a claim on which relief may be granted under FED. R. CIV. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A pleading that offers only a "'formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).

A pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Serv., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Section 1681b(f) of the Fair Credit Reporting Act states:

A person shall not use or obtain a consumer report for any purpose unless--

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).

Plaintiff fails to allege sufficient facts to state a claim for a willful and/or negligent violation of 15 U.S.C. § 1681b(f) under the pleading standards of Iqbal and Twombly. Plaintiff offers only a "formulaic recitation of the elements of a violation" of Section 1681b(f). Indeed, Plaintiff's allegations merely mirror the statutory language without any supporting facts aside from the date on which Defendant is alleged to have violated Section 1681b(f). Specifically, Plaintiff alleges no facts to support the assertion that Defendant's violation was "willful" and/or "negligent." Plaintiff's "unadorned, conclusory facts are not sufficient to survive Defendant's motion." Nowlin v. Avis Budget Corp., No. 1:11cv511, 2011 WL 7087108, at *1 (M.D.N.C. Dec. 22, 2011), adopted, 2012 WL 204162 (M.D.N.C. Jan. 24, 2012) (dismissing complaint alleging willful and negligent non-compliance with 15 U.S.C. § 1681b(f) based on allegation that defendant initiated pull of credit report without permissible purpose because such conclusory facts failed to state a claim for relief); see also Chavez v. Premier Bankcard, LLC, No. 1:11CV01101, 2011 WL 4738323, at *2 (E.D. Calif. Oct. 6, 2011) (same).

### IV. CONCLUSION

In sum, Plaintiff fails to state a claim for either a willful or negligent violation of 15 U.S.C. § 1681b(f). The Complaint is therefore subject to dismissal with prejudice. In light of the liberal construction requirement established in Haines, the Court will grant leave for Plaintiff to file an

Amended Complaint that sets forth sufficient facts to satisfy the pleading standards of Iqbal and Twombly.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED.**

2. Plaintiff shall have twenty (20) days from entry of this Order in which to file an Amended Complaint. If Plaintiff fails to file an Amended Complaint within twenty (20) days of entry of this Order, the Complaint will be dismissed with prejudice for failure to state a claim, and without further notice to Plaintiff.

Signed: October 16, 2012

Robert J. Conrad, Jr.
Chief United States District Judge